# EXHIBIT "B"

1-16-0621

Rockwall County - District Clerk

Filed: 6/28/2016 6:01:43 PM
Kay McDaniel,
District Clerk
Rockwall County, Texas

Barbara Timberlake

CAUSE NUMBER 1-16-0621

| | | |
|---|---|---|
| SAMUEL GARCIA and | § | IN THE _____ 382ND |
| ELIZABETH GARCIA, | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | JUDICIAL DISTRICT COURT |
| | § | |
| SCOTTSDALE INSURANCE | § | |
| COMPANY, | § | |
| Defendant | § | ROCKWALL COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

COME NOW Samuel Garcia and Elizabeth Garcia ("Plaintiffs"), filing this Plaintiffs' Original Petition against Scottsdale Insurance Company ("Defendant"). In support hereof, Plaintiffs would show the Court the following:

### I. TRCP 47 STATEMENT

This is an insurance bad faith case. Plaintiffs seek damages within the jurisdictional limits of this court. Plaintiffs seek only monetary relief of over $200,000 but not more than $1,000,000. Plaintiffs allege that discovery should be conducted under Level 3.

### II. PARTIES AND SERVICE OF CITATION

Plaintiffs are individuals.

Defendant, **Scottsdale Insurance Company**, is a foreign surplus lines insurance company licensed to conduct business in Texas that may be served with process at via its registered agent, **CSC-Lawyers Incorporating Service (Corporation Service Company), 50 West Broad St., Suite 1800, Columbus, OH 43215.**

Pursuant to §30.014 of the Texas Civil Practice and Remedies Code, Plaintiffs provide the following information:

Samuel Garcia
  393  Last three digits of Texas Driver's License
  722  Last three digits of Social Security Number

Elizabeth Garcia
  192  Last three digits of Texas Driver's License
  050  Last three digits of Social Security Number

### III. JURISDICTION AND VENUE

This court has jurisdiction and venue is proper in Rockwall County, Texas because because the insurance policy was purchased in Rockwall County, Texas, the policy concerned improved real property situated in Rockwall County, Texas, and performace and the breaches complained herein occurred in Rockwall County, Texas. Plaintiffs' damages are within the jurisdictional limits of this Court.

### IV. FACTUAL BACKGROUND

Plaintiffs purchased an insurance policy through Defendant for coverage of their home located at 8906 Davis Street, Rowlett, Texas 75088. On or about December 27, 2015, Plaintiffs' home sustained extensive damage due to a tornado, a loss covered by the policy purchased from Defendant. Plaintiffs reported the claim, demanded that it be paid, and otherwise complied with all of their obligations under the contract. Nevertheless, Defendant has intentionally and illegally delayed the claim and refused to pay Plaintiffs the full amount they are entitled to under the policy.

## V. CAUSE OF ACTION - BREACH OF CONTRACT

Plaintiffs and Defendant entered into an insurance contract. Defendant has materially breached said contract by refusing to pay per the contract and failing to act in good faith to settle Plaintiffs' claims. Said breach is the proximate cause of Plaintiffs' damages. All conditions precedent to Plaintiffs' recovery have been performed or occurred.

## VI. CAUSE OF ACTION – BAD FAITH

Plaintiffs had a valid insurance contract with Defendant. Plaintiffs suffered a covered loss and made a claim. Defendant refused to settle the claims at a fair and just amount and knew or should have known that liability and damages were reasonably clear. Defendant's breach of its duty of good faith and fair dealing with Plaintiffs was the proximate cause of Plaintiffs' damages.

## VII. CAUSE OF ACTION – PROMPT PAYMENT OF CLAIMS

Despite having everything reasonably required to investigate the claim and being provided with everything requested in order to comprise a complete proof of loss, Defendant has failed to accept the full claim or make full payment in a timely manner and as dictated by the Texas Prompt Payment of Claims Act. Therefore, Plaintiffs are entitled to the amount of the covered loss, 18% interest per annum of the amount of the claim not timely paid as damages, together with reasonable attorney's fees, pursuant to Tex. Ins. Code. Ann., §542.051 et seq.

## VIII. CAUSE OF ACTION – DECEPTIVE INSURANCE PRACTICES

Plaintiffs are "persons", as defined by Chapter 541 of the Texas Insurance Code. Defendant is a "person", as defined by Chapter 541 of the Texas Insurance Code. By refusing to pay Plaintiffs' claim and misrepresenting a policy provision relating to coverage, as described above, Defendant has engaged in unfair settlement practices. Plaintiffs have complied with the notice provision of Chapter 541.

## IX. CAUSE OF ACTION – DECEPTIVE TRADE PRACTICES

Defendant engaged in false, misleading, deceptive and unconscionable conduct. Defendant's acts and omissions are in violation of the following portions of the Texas Business and Commerce Code:

§17.46(b)(5)  representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

§17.46(b)(7)  representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

§17.46(b)(9)  advertising goods or services with intent not to sell them as advertised; and

§17.46(b)(23) the failure to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

In addition, the "unconscionable" unlawful acts and practices described above were committed "knowingly" by Defendant.

## X. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer herein, and that on final hearing of this matter, Plaintiffs have judgment against Defendant for:

a. All actual economic damages;

b. An award of up to treble actual economic damages based on Defendant's knowing violations of the DTPA as provided for by Tex. Bus. and Comm. Code §17.50;

c. Reasonable and necessary attorney's fees;

d. All costs of court allowed by the Texas Rules of Civil Procedure and/or deemed appropriate by the court;

e. Pre-judgment and post-judgment interest at the legal rate provided by law; and

f. For such other and further relief, both general and special at law or in equity, to which Plaintiffs may show themselves to be justly entitled

Respectfully Submitted,


_/s/ Gregory B. Fell_
Gregory B. Fell
TBN: 00790670
gfell@felllawfirm.com

The Fell Law Firm
3021 E. Renner Rd., Suite 140
Richardson, Texas 75082
(972) 488-8177 – phone
(972) 664-0470 – fax

ATTORNEY FOR PLAINTIFFS